SUMMERS, Justice.
 

 Defendants rely upon five bills of exceptions to support this appeal from their conviction and sentence for armed robbery.
 

 Shortly before 11:00 p. m. on December 5, 1967, three men drove into a Billups service station just north of Gonzales on the Airline Highway. Two of the men went to the rest room and the third stayed with the car while the victim, Walter Vernon, serviced the automobile. Vernon had ample opportunity to observe all three men and to notice the car as he serviced it. When the two men left the rest- room they returned to the car. After Vernon
 
 *966
 
 finished servicing the car, one of the men pulled a gun and forced Vernon to turn over the money in the cash register. The robbers then fled the scene, going north on the Airline Highway.
 

 Vernon notified the police almost immediately and a bulletin was broadcast by police radio describing the vehicle and dress of at least one of the holdup men. About 11 o’clock the pilot of the Plaquemine Ferry heard the police bulletin over his police radio. At approximately 11:15 p. m. a vehicle resembling the wanted car boarded the ferry, and the pilot called the sheriff’s office. As a result of this call, defendants were apprehended on the west bank of the river as their vehicle left the ferry.
 

 Bill No. 1 was reserved to the Court’s denial of a motion to quash filed just prior to the selection of the jury on the day of trial. The motion alleges three grounds tj nullify the bill of information under which defendants were being prosecuted: (1) that the arresting officers failed to inform defendants of their intention, authority or the cause for the arrest as required by Article 218 of the Code of Criminal Procedure; (2) at the time of their arrest defendants were not warned of their right to remain silent or that what they said could be used against them ; they were not informed of their right to counsel, or that counsel would be appointed to represent them if they were indigent, as required by Article 230 of the Code of Criminal Procedure and the rules announced in the jurisprudence, and, (3) defendants were exposed to confrontation for identification without counsel.
 

 The answer to the first ground alleged as a basis for the motion to quash is found in Article 218 of the Code of Criminal Procedure. This article requires that a peace officer making an arrest shall inform the arrested person of his intention, his authority and the cause of the arrest, but the requirement by the very language of the article does not apply if the accused is being pursued or flees immediately after the commission of a crime. As the brief recitation of facts dramatically illustrates, these defendants were fleeing the scene of the crime; and the requirement that they be informed of the intention, authority and cause under which the arresting officers acted is inapplicable.
 

 The second ground embodies a complaint that the Miranda warnings were not given. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This failure, if it be conceded, does not absolve the crime. The Miranda warnings must be established as a necessary prerequisite to the admission of confessions obtained since that decision. Since no confessions or statements of the defendants were introduced into evidence, this ground of the motion to quash is not well-founded.
 

 
 *968
 
 The third ground alleged is that defendants were exposed to confrontation for identification without counsel. To support this contention defendants rely upon United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d. 1178 (1967) and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199 (1967). Failure to furnish a defendant with counsel at line-up or confrontation for identification out of court furnishes a basis for objecting to the in court identification of that defendant, but it does not furnish a valid basis for dismissing the prosecution or quashing the bill of information. We have been informed in brief that no objection was made to the in court identification of defendants. This ground of the motion to quash is therefore without merit.
 

 Moreover, no evidence was taken upon the trial of this motion to quash because it was filed too late, although the trial judge gave defense counsel thirty days within which to file pleadings. Since there is no evidence to support the motion to quash and because it was filed too late, the trial judge properly denied the motion.
 

 Bill of Exceptions No. 2
 

 Prior to the commencement of trial when the bill of information was read, defendant’s counsel objected that the bill of information against Duane Dickerson was defective in that Dickerson’s name was not shown in the body of the information. Defense counsel’s motion that the court release Dickerson was denied and the district attorney was permitted to amend the information to cure the defect. Defense counsel objected and reserved this bill.
 

 The omission was clearly a clerical error since Dickerson’s proper name appears on the reverse of the bill and he had, with benefit of counsel, previously appeared in court and pled to the charge. Article 487 of the Code of Criminal Procedure vests broad discretion in the trial court to permit the amendment of an information prior to trial. La.Code Crim.Proc. art. 934(6). We find that the accused Dickerson suffered no prejudice in his trial by the amendment. La.Code Crim.Proc. art. 921.
 

 Bill No. 3 was reserved when, immediately prior to the trial, the District Attorney moved the Court to amend all three bills of information to show that the crime was committed on December 5, 1967 instead of December 6, 1967 as originally shown. Defense counsel objected that the amendment would be prejudicial to their defense of alibi. The Court overruled the objection and permitted the amendment.
 

 Defense counsel made no motion for a continuance, and there is no showing that defendants were taken by surprise. The amendment was properly allowed under the
 
 *970
 
 authority .of • Article 487 of the Code of Criminal Procedure. -
 

 Bill No. 4 is adequately disposed of by the per curiam of the trial judge, which we quote in full:
 

 There is no merit to this Bill.
 

 After the jury had returned their verdiet of guilty as charged, counsel for the accused then moved for a mistrial on the grounds that one of the jurors was -seen taking notes at sometime during the trial. The motion was denied for the reason that neither the Court nor the State observed any juror taking notes. Even if this had occurred, the objection came too late, particularly after the jury had been charged by the Court and had rendered their verdict. During the course of the trial, upon each instance when the jury was permitted to separate the Court instructed the jury that they were only to consider evidence heard from the witness box and in its general charge the Court again instructed the jury that they were to consider only evidence heard from the witness stand or admitted in evidence. Article 841 Cr.P. also provides an irregularity or error in the proceedings cannot be availed of after verdict unless it is objected to at the time of its occurrence.
 

 Bill of Exceptions No. 5
 

 Following the trial defendants filed a .motion for a new trial based upon the bills of exceptions already disposed of and upon evidence, which was alleged to be newly discovered.
 

 The evidence offered would tend to show that the defendants could not have been at the scene of the crime at 11:07 p. m., which is the time the police logged the call from Vernon, because they were at the Plaque-mine ferry at 11:15 p. m. and the distance between the two locations was 19 miles. '
 

 In his per curiam the trial judge observed: “As the Court remembers the testimony the victim testified that the crime happened at ‘about 10 til’ (eleven) and further reveals that defense counsel were familiar with the log entry of 11:07 p. m. The jury had before it evidence from which they could well make a determination when the crime occurred and the possibility of defendants being at the ferry at 11:15 p. m.”
 

 Thus the purported new evidence involved nothing which was not known to defendants at the time of the trial and the accuracy of the times and distances and feasibility of traveling the route within the' times was a question of fact for the jury.' We may not invoke our appellate jurisdiction to review the granting or the refusal to grant a new trial except for error of law. La. Code Crim.Proc. art. 858.
 

 For the reasons assigned the convictions and sentence are affirmed.