337 So.2d 192 (1976)
STATE of Louisiana
v.
Lovair McCOY.
No. 57641.
Supreme Court of Louisiana.
September 13, 1976.
*193 Charles B. Peatross, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Paul J. Carmouche, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Lovair McCoy was charged by bill of information with aggravated crime against nature, in violation of La.R.S. 14:89.1. After trial by jury, he was found guilty of crime against nature. The district attorney then filed a bill of information charging defendant with being a third felony offender, in violation of La.R.S. 15:529.1. Defendant was found guilty of being a third felony offender and was thereafter sentenced to serve ten years at hard labor. On appeal, he relies upon four assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
The bill of information alleged that defendant forced or threatened a woman to have oral-genital sex with him, and that this act constituted aggravated crime against nature, the offense charged. At trial, the state called the victim of the crime to the stand. She testified on direct examination that before defendant committed the crime charged he had jumped on her and carried her to a drainage ditch, where he made her undress. The state then asked the victim what happened next:
A. Then he knocked me down and he made me take them off.
Q. What happened to the clothes, do you know?
A. No, sir, I don't.

*194 Q. OK. After he knocked you down and you took your clothes off, what happened then?
A. Then he raped me.
Q. He raped you?
A. Yes, sir.
At that point defendant moved for a mistrial under Code of Criminal Procedure article 770(2), contending that the witness' mention of rape was a reference to another crime committed by him as to which evidence is not admissible. He assigns the trial judge's denial of his motion for a mistrial as error.
Article 770 of the Code of Criminal Procedure provides:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;

(3) The failure of the defendant to testify in his own defense; or
(4) The refusal of the judge to direct a verdict.
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
(Emphasis added.)
The trial judge did not err in denying defendant's motion for a mistrial. Article 770 mandates a mistrial only where the reference to another crime as to which evidence is not admissible is made by the judge, district attorney, or a court official. In this case, it was the victim, during the course of her testimony, who referred to defendant's commission of rape.
An additional reason the trial judge correctly denied the motion for a mistrial is that the reference to rape was not a reference to another crime the defendant allegedly committed as to which evidence is not admissible. La.R.S. 15:447 and La.R.S. 15:448 provide:
La.R.S. 15:447.
Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence. (Emphasis added.)
La.R.S. 15:448.
To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.
The victim, continuing with her testimony after the motion for a mistrial was denied, stated that immediately after defendant raped her, he forced her to engage in oral sex with him, the criminal act charged in the bill of information. Clearly, the rape was an immediate concomitant of the criminal act, and formed in conjunction with it one continuous transaction. Hence, evidence of the rape was admissible as part of the res gestae. State v. Curry, 325 So.2d 598 (La.1976); State v. Robinson, 302 So.2d 270 (La.1974); State v. Matthews, 292 So.2d 226 (La.1974); State v. Whitsell, 262 La. 165, 262 So.2d 509 (1972).
This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 2
The bill of information charged that defendant committed the crime charged "on or about April 9, 1975." Upon resting its case, the state, after noting that the offense may have occurred late at night on the *195 preceding day,[1] moved to amend the bill of information so that the stated date of the crime charged would read "between the hours of 9:00 P.M. on April 8, 1975 through the hours of 2:00 P.M. on April 9, 1975." Defendant objected to the proposed amendment. The trial judge granted the state's motion, and defendant assigns his ruling as error.
Article 487 of the Code of Criminal Procedure states that the court may cause an indictment to be amended at any time with respect to a defect of form. Article 468 provides that the date or time of the commission of the offense need not be alleged in the indictment, unless the date or the time is essential to the offense. Hence, if date or time is not essential to the offense, a mistake respecting the date on which the offense occurred is only a defect of form, which may be corrected at any time with leave of court. State v. Sharp, 321 So.2d 331 (La.1975); State v. Hubbard, 279 So.2d 177 (La.1973); State v. Pickett, 261 La. 237, 259 So.2d 307 (1972); State v. Martin, 255 La. 961, 233 So.2d 898 (1970). Since the date on which the aggravated crime against nature occurred is not an essential element of the offense, the trial judge's allowance of the amendment was proper. Moreover, defendant made no motion for a recess, nor does he make a showing of surprise or prejudice resulting from the amendment.
There is no merit in this assignment of error.

ASSIGNMENT OF ERROR NO. 3
Defendant alleges that the trial judge erred in overruling his motion to quash the bill of information on the ground that La.R.S. 14:89.1, the statute defining and punishing aggravated crime against nature, is unconstitutionally vague and indefinite. He contends that the statute violates article 1, section 13 of the Louisiana Constitution of 1974, which provides that the accused in a criminal prosecution "shall be informed of the nature and cause of the accusation against him."
Article 1, section 10 of the Louisiana Constitution of 1921, like article 1, section 13 of the Louisiana Constitution of 1974, requires that the accused "be informed of the nature and cause of the accusation against him." We have held that La.R.S. 14:89, the statute defining and punishing crime against nature, did not violate that provision of the 1921 constitution. State v. Lindsey, 310 So.2d 89 (La.1975); State v. Bonanno, 245 La. 1117, 163 So.2d 72 (1964). In light of these decisions, we held in State v. Bluain, 315 So.2d 749 (La.1975) that La.R.S. 14:89.1 (aggravated crime against nature) is likewise constitutional. Inasmuch as the corresponding provisions of our present and former constitutions are identical, we today hold that La.R.S. 14:89.1 does not violate our new state constitution.
The trial judge properly denied the motion to quash the bill of information. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 4
After the jury returned a verdict of guilty of crime against nature, defendant filed a motion in arrest of judgment on the grounds that: (1) the verdict of guilty of crime against nature was unresponsive to the bill of information charging defendant with aggravated crime against nature; and (2) La.R.S. 14:89, the statute defining and punishing crime against nature, is so vague and indefinite that it violates article 1, section 13 of the Louisiana Constitution of 1974.
Defendant argues that the verdict of guilty of crime against nature was not responsive because both parties to the criminal act can be prosecuted for crime against nature, whereas only one party can be prosecuted for aggravated crime against nature.
*196 That argument is totally without substance. Article 815 of the Code of Criminal Procedure states that in all cases not provided for in article 814[2] a verdict of guilty of a lesser and included grade of the offense charged is a responsive verdict. A lesser offense is included in the charge of the greater offense if all of the elements of the lesser crime are included in the definition of the greater offense. State v. Stewart, 292 So.2d 677 (La.1974); State v. Poe, 214 La. 606, 38 So.2d 359 (1948); State v. Roberts, 213 La. 559, 35 So.2d 216 (1948). All of the elements of crime against nature are included in aggravated crime against nature, and therefore crime against nature is a lesser included offense and a responsive verdict to a charge of aggravated crime against nature.
We reject the second ground in support of the motion in arrest of judgment, that La.R.S. 14:89 (crime against nature) is unconstitutionally vague and indefinite, for the reasons given in our discussion of Assignment of Error No. 3.
In his brief, defendant, citing Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), also argues that La.R.S. 14:89 is unconstitutional because it offends the constitutionally protected right of privacy if applied to consenting individuals. The United States Supreme Court very recently rejected an identical contention. In Doe v. Commonwealth's Attorney for City of Richmond, 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976), aff'g 403 F.Supp. 1199 (E.D.Va.1975), the Court affirmed a judgment of a three-judge federal court upholding the constitutionality of a Virginia law punishing crimes against nature committed by consenting persons.
The trial judge did not err in denying the motion in arrest of judgment. This assignment of error is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
DENNIS, J., concurs.
CALOGERO, J., concurs with reasons.
CALOGERO, Justice (concurring).
The majority opinion holds that La.R.S. 14:89.1, the statute proscribing aggravated crime against nature, meets constitutional standards, and relies on the recent decisions of this Court in State v. Lindsey, 310 So.2d 89 (La.1975) and State v. Bluain, 315 So.2d 749 (La.1975). I dissented to both of those decisions because I felt that our crime against nature laws failed to meet the standards of the 1921 Constitution in that they did not adequately define for our citizens what sexual conduct is a criminal act in this state. La.Const. art. I, § 10 (1921). For the same reason I feel that the aggravated crime against nature statute at issue here lacks the clarity and definition which is necessary in order to make an act criminal under the standards set out in the 1974 Constitution. La.Const. art. I, § 13 (1974). But because these former decisions reflect the current majority rule in this state, and because the situation here is undistinguishable from those cases, I respectfully concur.
NOTES
[1] The victim testified that the crime charged took place at about 10:30 in the night of April 8, and that defendant kept her under his custody until about 2 o'clock in the morning the following day.
[2] Article 814, which lists the responsive verdicts that may be rendered for a number of offenses, does not include the responsive verdicts that may be rendered for aggravated crime against nature.