384 So.2d 420 (1980)
STATE of Louisiana
v.
Jerry DYE.
No. 66262.
Supreme Court of Louisiana.
May 19, 1980.
*422 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Kenneth A. Rains, Asst. Dist. Atty., for plaintiff-appellee.
Paul Henry Kidd, A Professional Law Corp., Monroe, for defendant-appellant.
MARCUS, Justice.[*]
Jerry Dye was charged by bill of information with theft of cattle in violation of La.R.S. 14:67.1. After a bench trial, defendant was found guilty as charged and sentenced to serve six years at hard labor. On appeal, defendant relies on five assignments of error for reversal of his conviction and sentence.[1]

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendant contends the trial judge erred in allowing the state, after commencement of trial, to amend the information by changing the date on which the offense occurred (Assignment of Error No. 1) and in denying his motion for a continuance (Assignment of Error No. 2) and thereafter in refusing to permit him to withdraw his waiver of a jury.
On February 13, 1979, defendant waived his trial by jury and elected to be tried by the court. Trial began on March 21, 1979. After the state had asked its first witness several questions, it moved to amend the information to correct a typographical error by changing the date of the offense from October 7, 1977 to October 7, 1972. Defendant's objection to the amendment was overruled and the amendment was allowed. Defense counsel then moved for a continuance stating that he was surprised by the amendment as discovery had caused him to believe that the offense had occurred in 1977. Accordingly, he was not prepared to defend his client on an alleged offense occurring in 1972. Defendant's motion for a continuance was denied; however, the trial judge granted a recess until the next day. The following morning, defendant moved that his previously entered waiver of a jury trial be withdrawn on the ground that the amendment of the information "would significantly change the nature of the defense." The trial judge denied the motion. In brief to this court, defendant states that he "does not suggest nor will he argue that Jerry Dye did not voluntarily waive his right to a jury trial."
The date or time of the commission of an offense need not be alleged in the indictment unless the date or time is essential to the offense. La.Code Crim.P. art. 468. The court may cause an indictment to be amended at any time with respect to a defect of form. A mistake respecting the date on which the offense occurred has been held to be such a defect of form when not essential to the offense. State v. Drew, 360 So.2d 500 (La.1978), cert. denied, 439 U.S. 1059, 99 S.Ct. 820, 59 L.Ed.2d 25 (1979); State v. McCoy, 337 So.2d 192 (La.1976); State v. Sharp, 321 So.2d 331 (La.1975); State v. Hubbard, 279 So.2d 177 (La.1973); State v. Pickett, 261 La. 237, 259 So.2d 307 (1972); State v. Martin, 255 La. 961, 233 So.2d 898 (1970).
At the time of the instant offense, La.R.S. 14:67.1 provided in pertinent part:
Theft of cattle, horses, mules, sheep, hogs, or goats is the misappropriation or taking of such cattle, horses, mules, sheep, hogs, or goats belonging to another, either without the consent of the other to the misappropriation or taking, or *423 by means of fraudulent conduct, practices or representations. An intent to deprive the other permanently of the cattle, horses, mules, sheep, hogs, or goats is essential.
The date of the offense is not essential to the offense of theft of cattle. Therefore, the mistake respecting the date on which the offense occurred was one of form, which may be amended at any time. Hence, the trial judge did not err in allowing the state to amend the information.
La.Code Crim.P. art. 489 provides:
If it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution. If it becomes necessary to discharge the original jury from further consideration of the case, the trial before a new jury will not constitute double jeopardy.
Defendant bears the burden of establishing that amendment to the indictment prejudiced the defense. State v. Hammontree, 363 So.2d 1364 (La.1978); State v. Strother, 362 So.2d 508 (La.1978). The defendant must show in what respect his defense was prejudiced by the amendment before the court will grant a continuance. State v. Hammontree, supra; State v. de la Beckwith, 344 So.2d 360 (La.1977); State v. Brown, 338 So.2d 686 (La.1976). A mere allegation that the defense will be affected by the amendment is not sufficient. State v. Sharp, 321 So.2d 331 (La. 1975). In determining whether defendant has been prejudiced in his defense upon the merits, the court must consider all the circumstances of the case and the entire course of the prosecution. La.Code Crim.P. art. 489; State v. Wagster, 361 So.2d 849 (La.1978). Finally, the trial court has great discretion when deciding whether to grant a continuance, and its decision not to grant a continuance should not be disturbed unless there was arbitrary and unreasonable abuse of discretion. State v. Hammontree, supra; State v. Harvey, 358 So.2d 1224 (La.1978).
In the instant case, defendant merely alleged that he was surprised by the amendment. He made no showing of prejudice to his defense. Defendant called no witnesses and presented no evidence on his behalf at trial. Moreover, the record reveals that defendant had in fact been apprised of the correct date of the offense prior to trial. A warrant for defendant's arrest, issued on October 7, 1977, correctly stated that the offense was committed on or about October 7, 1972. In a response filed on May 4, 1978 to defendant's motion for discovery, the state advised defendant that it would introduce in evidence a check payable to defendant dated October 7, 1972. Likewise, pretrial statements filed in the record deal with cattle theft occurring in October 1972. Hence, we find no showing of prejudice or surprise. Moreover, in view of the fact that defendant was advised of the correct date of the offense prior to trial and was granted a one-day recess after the amendment to the information, he has no cause to complain. The trial judge did not abuse his discretion in denying defendant's motion for a continuance.
Finally, defendant contends in brief to this court that the trial judge erred in refusing to permit him to withdraw his waiver of a jury trial. This alleged error was not assigned as one to be urged on appeal a required by La.Code Crim.P. art. 844 and hence is not properly before us for review. State v. Thomas, 329 So.2d 704 (La.1976). In any event, it is of no merit. Defendant had knowingly and intelligently waived a trial by jury and elected to be tried by the court. Trial had commenced. Moreover, defendant was in fact informed prior to trial of the correct date of the offense with which he was charged. Hence, the ruling of the trial judge was correct.
Assignments of Error Nos. 1 and 2 are without merit.

*424 ASSIGNMENTS OF ERROR NOS. 4 AND 5
Defendant contends the trial judge erred in failing to comply with the sentencing guidelines set forth in La.Code Crim.P. art. 894.1 (Assignment of Error No. 4)[2] and in imposing an excessive sentence (Assignment of Error No. 5).[3]
La.Code Crim.P. art. 894.1 provides:
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
At the sentencing hearing, the trial judge sentenced defendant to serve six years at hard labor. He made no other comment concerning the sentence except to inquire whether defendant had any objection to the contents of the presentence report.[4] Clearly, *425 the trial judge erred in failing to state for the record the considerations taken into account and the factual basis therefor in imposing sentence, as required by La.Code Crim.P. art. 894.1(C).
In State v. Sepulvado, 367 So.2d 762 (La. 1979), we stated that the statutory criteria legislatively provided by La.Code Crim.P. art. 894.1 provide appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentence alternatives. We further noted that the trial judge's reasons in imposing sentence, as required by this statute are "an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive." Absent compliance with La.Code Crim.P. art. 894.1, as in the instant case, we lack appropriate criteria by which to measure whether the sentence imposed is excessive. Accordingly, we must vacate defendant's sentence and remand the case to the trial court with instructions to properly consider the sentencing guidelines in the statute before imposing sentence.

DECREE
For the reasons assigned, defendant's conviction is affirmed but the sentence imposed is vacated and set aside, and the case is remanded to the district court with instructions to the trial judge to sentence defendant in accordance with law.
NOTES
[*] The Honorable RICHARD H. GAUTHIER participated in this decision as Associate Justice Ad Hoc.
[1] Defendant has neither briefed nor argued Assignment of Error No. 3; therefore, we consider it to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).
[2] Defendant did not object on this ground at the time of sentencing. However, we have held that, even without formal objection at the time of sentencing, where the trial judge imposes a sentence without adequate compliance with the mandatory requirements of La.Code Crim.P. art. 894.1, this court may vacate a sentence and remand for resentencing when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record. State v. Gist, 369 So.2d 1339 (La.1979); State v. Cox, 369 So.2d 118 (La.1979).
[3] Defendant did not object on this ground at the time of sentencing. However, we have held that no objection is required as to excessiveness at the time of sentencing to preserve the issue for appellate review when raised by assignment of error to this court. State v. Gist, supra; State v. Cox, supra.
[4] The entire transcript of the sentencing hearing is as follows:

Mr. Rains: Your Honor, also, on the docket, for sentencing, number twenty-seven-o-ninety-one (27091) Jerry Dye.
The Court: Mr. Dye, you were tried and found guilty by this Court of Theft of Cattle. Are you ready to be sentenced at this time? Sir?
Mr. Dye: Yes, sir.
The Court: Miss Snyder, did you have an opportunity to review the pre-trial [pre-sentence] report?
Miss Snyder: Yes, sir, I did.
The Court: I'm sorry, the pre-sentence report. Do you have any objections to voice at this time as to the contents of the report?
Miss Snyder:No, sir, we have no objection.
The Court:It is the sentence of this Court that he be sentenced to six (6) years at hard labor.
END OF SENTENCING.