PITMAN, J.
hThe State of Louisiana appeals the. district court’s granting of a motion to quash filed by Defendant Derry Delondre Lyons. For the following reasons, we reverse the judgment of the district court and remand for further proceedings.

FACTS

On March 23, 2015, the district attorney for the Fourth Judicial District filed a bill of information charging Defendant with one count of failure to register and/or notify as a sex offender on or about October 8, 2013, and one count of resisting an officer on or about January 30, 2015. On March 24, 2015, Defendant, who was represented by counsel, waived formal arraignment and pled not guilty.
Defendant’s obligation to register as a sex offender arose from his 2001 conviction for forcible rape of a six-year-old child. He was sentenced to serve five years at hard labor for that offense and ordered to register as a sex offender for life. Discovery revealed that, on January 7, 2011, he was charged with one count of failure to register and/or update registration as a sex offender on or about June 6, 2010. He pled guilty on September 8, 2011, in Oua-chita Parish to the charge and was sentenced to two years at hard labor.
On June 3, 2015, Defendant appeared in court for the purpose of entering a guilty *546 plea. The state had extended an offer to Defendant to plead guilty to the failure to register offense and be sentenced to two years at hard labor and that it would dismiss the charge of resisting an officer. Although defense counsel stated that Defendant agreed to this plea offer, ^during the Boykin colloquy, Defendant stated that he was not guilty of the offense, and he did not plead guilty. The state then withdrew the plea offer and set the matter for a preliminary examination. ■
On June 15, 2015, the district attorney filed an amended bill of information charging Defendant with one count of failure to register and/or update registration as a sex offender — second offense, and one count of resisting an officer.
On June 24, 2015, Defendant filed a motion to quash the bill of information. He argued that the amendment to the bill of information was one of substance, i.e., an enhanced charge; and, therefore, the state should have obtained an order from the district' court to amend the bill of information, pursuant to La. C. Cr. P. art. 487.
On July 8, 2015, a hearing was held on the motion to quash. Defendant argued that the amendment to the bill of information was “a change of substance as opposed to a mere technical event”. because the penalty for the amended charge is different from the original charge. He further argued that proper procedure was not. used by the state to amend the bill of information, contending that it should have sought and received the court’s approval to amend before doing so. The state argued that it does not have to obtain permission to amend a bill of information, has the right to proceed with charges any way it sees fit and has the right to amend the bill up until the time of trial. It contended that Defendant could have requested a continuance as a response to the filing of the amended bill of information. The district court determined that a “substantive change” was made without | ¡¡permission from the court and sustained the motion to quash the amended bill of information.
The state appeals.

DISCUSSION

In its sole assignment of error, the state argues that the district court erred in granting Defendant’s motion to quash. It contends that the district attorney has complete authority to amend a bill of information as to substance and form and that the district court does not have the authority to dismiss charges brought by the district attorney. It argues that a substantive change to a bill of information does not require leave of court. It further contends that Defendant did not establish a ground whereby a motion to quash is warranted.
Defendant argues that the district court correctly ruled on his motion to quash. He contends that, pursuant to La. C. Cr. P, art. 487, the district court may cause a nonsubstantive defect in a bill of information to be amended and may order a substantive defect to be amended before trial. He also argues that he was prejudiced by the amendment because the new bill of information enhanced the potential penalty-
The district court’s ruling on the motion to quash was based on its interpretation of the law and did not rest of any factual findings by the court. Accordingly, the appropriate standard of review is de novo. See State v. Hamdan, 12-1986 (La.3/19/13), 112 So.3d 812, and State v. Smith, 99-0606, 99-2094, 99-2015, 99-2019 (La.7/6/00), 766 So.2d 501.
|4La. C. Cr. P. art. 61 states:
Subject to the supervision of the attorney general, as provided in Article 62, *547 the district attorney has entire charge and cdntrol of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.
See also La. Const. Art. V, § 26(B). Prosecution may be instituted in various ways depending upon the nature of the offense and the tribunal. La. C. Cr. P. art. 382. In this case, the prosecutor chose to file bills of information, which are governed by La. C. Cr. P. art. 384:
An information is a written accusation of crime made by the district attorney or the city prosecutor and signed by him. It must be filed in open court in a court having jurisdiction to try the offense, or in the office of the clerk thereof.
Defendant’s argument, which was ae-cepted'by the district court, that the prosecutor must obtain the permission of the court to make a substantive amendment to the bill of information relies on La. C. Cr. P. art. 487, which provides, in part:
A. An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of. any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time causé the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.
Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance.
The first paragraph of Section A addresses defects of form, i.e., nonsubstantive defects, in the charging instrument and affords the district | ¿court authority to cause an amendment to correct such defects. The second paragraph of Section A addresses the district court’s authority to order the amendment of a charging instrument to cure a substantive defect.
While La. C. Cr. P. art. 487 sets forth the district court’s authority to order the amendment of a charging instrument, article 487 does not restrain the state from amending a. charging instrument prior to trial. This court, in State v. Williams, 44,418 (La.App.2d Cir.6/24/09), 15 So.3d 348, writ denied, 09-1746 (La.3/26/10), 29 So.3d 1250, explained:
The prosecutor has the authority under La. C. Cr. P. art. 487 to make substantive amendments to an indictment at any time before the beginning of trial, subject to the defendant’s right under La. C. Cr. P. art. 489 to move for a continuance if the amendment led to his prejudice. State v. Crochet, 05-0123 (La.6/23/06), 931 So.2d 1083. The purpose of a continuance is to protect defendant from surprise or prejudice which may result from such amendment. State v. Cleveland, 25,628 (La.App.2d Cir.1/19/94), 630 So.2d 1365. When the state requests an amendment to the bill of information before the first prospective juror is called, the defendant’s remedy is a motion for continuance, not an objection to the amendment. State v. Ignat, 29,745 (La.App.2d Cir.8/24/97), 701 So.2d 1001, writ denied, 99-0336 (La.6/18/99), 745 So.2d 618.
In the case sub judice, the state has the authority to amend the bill of information, as to form or substance, at any time prior to trial. It was not required to obtain permission from the district court to amend the bill of information. We find, therefore, that the district court committed *548 legal error in granting Defendant’s motion to quash the bill of information.
Accordingly, this assignment of error has merit.

CONCLUSION

For the foregoing reasons, the judgment of the district court granting the motion to quash filed by Defendant Derry Delondre Lyons is reversed. We remand for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.