NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-144

STATE OF LOUISIANA

VERSUS

DEWAYNE SYLVESTER

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 8731-16
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, John E. Conery, and Van H. Kyzar, Judges.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

**John F. DeRosier**
**District Attorney**
**Hope Buford**
**Ross Murray**
**Assistant District Attorneys**
**14th Judicial District Court**
**Post Office Box 3206**
**Lake Charles, Louisiana  70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Douglas Lee Harville**
**Louisiana Appellate Project**
**Post Office Box 52988**
**Shreveport, Louisiana  71135-2988**
**(318) 222-1700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**DeWayne Sylvester**

**DeWayne Sylvester**
**Allen Correctional Center**
**3751 Lauderdale Woodyard Road**
**Kinder, Louisiana  70648**

**Conery, Judge.**

Defendant Dewayne Sylvester was convicted of attempted second degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30.1. Defendant was sentenced to fifteen years at hard labor, without benefit of probation, parole, or suspension of sentence. On appeal, Defendant asserts two assignments of error, one through counsel and another through a pro se brief. For reasons that will be discussed, we affirm and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On February 18, 2016, Defendant, Shirley Manuel, and a child were traveling to Lake Charles from Lafayette and stopped at a video poker casino to use the restroom. After parking the car, they were approached by Gerald Carter, the victim, claiming that Defendant and Ms. Manuel were following him. Mr. Carter then went inside the casino. When Ms. Manuel returned from the restroom, Defendant entered the casino. Inside the casino, he approached Mr. Carter, the two began arguing, and both Defendant and Mr. Carter exited the casino. When Mr. Carter swung a beer can at him, Defendant stabbed him twice with a box cutter. Mr. Carter was injured as a result, and Defendant was arrested and charged with the attempted murder of Mr. Carter.

Defendant was formally charged by indictment filed on March 31, 2016, with one count of attempted second degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30.1. At trial, on April 26, 2017, the jury found Defendant guilty as charged.

On May 22, 2017, Defendant filed a motion for a new trial, which was denied. Defendant was then sentenced to fifteen years imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence, for one count of attempted

second degree murder. Defendant filed a pro se motion to reconsider sentence on July 11, 2017, which was subsequently denied based on its untimeliness.

The State then filed a habitual offender bill of information charging Defendant as a second and subsequent felony offender. Defendant entered a plea of not guilty to the habitual offender bill at the May 22, 2017 hearing. The habitual offender hearing is set for October 17, 2018.

A motion for appeal was filed on August 14, 2017, and was subsequently granted by the trial court. Defendant is now before this court asserting two assignments of error, one through counsel and another through pro se filings. For reasons that follow, we affirm Defendant's conviction and sentence.

## ASSIGNMENTS OF ERROR

Through counsel, Defendant assigns the following assignment of error:

1.  [Defendant's] conviction and sentence must be reversed because, in the matter captioned *State of Louisiana v. Dwayne Sylvester*, the State failed to charge that [Defendant] committed a crime, and the record on appeal fails to show that the State ever sought to amend the indictment herein to charge [Defendant] with committing a crime.

Through his pro se brief, Defendant assigns the following assignment of error:

2.  The Appellant's guilty verdict is constitutionally infirm, several motion [sic] was filed on behalf of Appellant, the courts never made any response, Motion for Speedy Trial 701. Also Motion for Bond Reduction and Motion for Preliminary Examination, and Motion for New Trial all these motions are under Due Process of law.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are two errors patent. The first involves an error in the grand jury indictment. Because Defendant also raises this error on appeal, we will review it on the merits.

The second error patent involves the trial court's failure to inform the defendant of the prescriptive period for post-conviction relief as required by La.Code

2

Crim.P art. 930.8. The trial court is directed to inform the defendant of the provisions of La.Code Crim.P art. 930.8 through appropriate written notice within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. *State v. Thibodeaux*, 16-542, (La.App. 3 Cir. 3/15/17), 216 So.3d 73, *writ denied*, 17-642 (La. 12/5/17), 231 So.3d 628.

**DISCUSSION**

*Errors Patent One and Assignment of Error One*

We will now discuss the first patent error and assignment of error one. Our review of the record indicates that an error patent exists in the bill of indictment, as noted by Defendant's brief under "Assignment of Error Number One".

The bill of indictment fails to list Defendant, and instead names Shirley Manuel, who was also charged in connection with this crime in trial court docket number 8730-VC-2016. However, it is clear from the caption on the indictment and from the record that the person charged with the commission of attempted second degree murder under trial court docket number 8731-VC-2016, is Defendant, DeWayne Sylvester. *See* La.Code Crim.P. art. 466. An indictment is not insufficient or invalid because of the existence of defects or imperfections in the form of the indictment, any miswriting or misspellings, or any other similar defects. La.Code Crim.P. art. 487. At any time, the court can cause the indictment to be amended to cure the existence of simple defects. La.Code Crim.P. art. 487.

The supreme court considered a similar situation in *State v. Martin*, 255 La. 961, 233 So.2d 898 (1970). In *Martin*, the defendant's name, Duane Dickerson, was not listed in the body of the bill of information. Before trial commenced, defense counsel objected to this defect and moved for the release of Mr. Dickerson. The motion was denied, and the trial court permitted the State to cure the defect by

3

amending the bill of information. Upon review, the supreme court found that the error was clerical and that the accused suffered no prejudice by the amendment. *Martin*, 233 So.2d 898.

Applying *Martin* to the instant case, the error in the body of the indictment incorrectly listing Defendant's name is a clerical error. At any time before trial, the State has the authority to amend an indictment as to form or substance. *State v. Lyons*, 50,556 (La.App. 2 Cir. 5/18/16) 195 So.3d 545. Our review of the record indicates that the error in the body of the indictment was properly cured when the State amended the bill of indictment on April 24, 2017, before the start of trial.

Such an error does not necessarily require reversal unless it is clear from the record that the defendant was prejudiced by the error. *See Martin*, 233 So.2d 898. In accordance with La.Code Crim.P. art. 921, such an error must *substantially* affect the rights of the accused.

Furthermore, as noted by the supreme court in *State v. James*, 305 So.2d 514, 516-17 (La.1974):

> [W]here in fact an accused has been fairly informed of the charges against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned after conviction where, as here, no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution.

It is clear from the record that Defendant was formally informed of the charges against him. The record clearly indicates that he responded to the original indictment and entered a plea of not guilty. Further, Defendant's name was stated in the caption of the indictment. When a defendant's name is otherwise on the bill and he has previously appeared in court with counsel to enter a plea to the charge, then a court's

4

grant of an amendment to the body of the bill to show the proper name of the defendant does not prejudice him. *Martin*, 233 So.2d 898.

In *State v. Westmoreland*, 10-1408, (La.App. 3 Cir. 5/4/11), 63 So.3d 373, *writ denied*, 11-1660 (La. 1/20/ 12), 78 So.3d 140, the court determined that where the defendant had not objected to the error in the bill of information or to the amendment of it, and then proceeded to trial, the defendant did not successfully show that he was prejudiced by the error.

The original indictment was filed on March 31, 2016. In the original indictment, the caption of the bill of indictment states, "*State of Louisiana v. Dewayne Sylvester.*" The body of the indictment states:

> Shirley Ann Manuel, on or about February 18, 2016, did attempt to commit Second Degree Murder by having specific intent to kill or cause great bodily harm to Gerald Germaine Carter. [sic] in violation of LSA R.S. 14:27/14:30.1[.]

On April 24, 2017, before the first prospective juror was called, the State moved to amend the bill of indictment to correctly reflect the name of the defendant. The minutes of the court on this day reflect that no objections to the amendment were asserted by the defense. The trial court granted the motion, as demonstrated by the following excerpt of the minutes of the court on April 24, 2017: **"On motion of Ms. Buford, the Court orders the body of the bill amended to reflect the defendant's name as DeWayne Sylvester."** The trial transcript confirms the correctness of the minute entry and states:

> MRS. BUFORD: Judge, on the bill—on the bill of information, Judge, there needs to be an amendment made.
>
> THE COURT: It's an indictment. Right?
>
> MRS. BUFORD: I mean the bill of indictment, that's correct. An amendment needs to be made that in the wording it does state Shirley Manuel. It needs to say "Dewayne Silvester, [sic]" Judge.
>
> THE COURT: Okay.

5

While the record supports Defendant's assertion that the indictment contained an error, the record does not support his allegation of the State's failure to amend the original indictment. Our review of the record indicates that Defendant's claim of the State's failure to amend the indictment is erroneous.

Moreover, Defendant, with the benefit of counsel, failed to object to the alleged error or file any motions in relation to the alleged error at any point in the proceedings. Prior to the amendment of the indictment, Defendant responded to the charge, and through counsel, filed discovery motions. It cannot be stated that Defendant was in any way prejudiced by the State's motion to amend the body of the bill of indictment to include his name.

We do not conclude that Defendant was substantially affected by the amendment of the indictment, and any alleged error relating thereto was harmless.

***Assignment of Error Two:***

In his second assignment of error, Defendant argues that because several motions that were filed by him were never ruled on by the trial court, his verdict is constitutionally infirm.

In his pro se brief, Defendant cites to several portions of the record where objections were made. However, Defendant fails to assert any arguments in relation to these objections. Consequently, the arguments are insufficient as presented for this court to review.

Uniform Rules—Courts of Appeal, Rule 2-12.4 provides, in pertinent part, the information and argument that must be contained in an appellant's brief:

> A. The brief of the appellant shall contain, under appropriate headings and in the order indicated:
>
> . . . .
>
> (9) the argument, which shall contain:

6

(a) appellant's contentions, with reference to the specific page numbers of the record and citations to the authorities on which the appellant relies,

(b) for each assignment of error and issue for review, a concise statement of the applicable standard of review, which may appear in the discussion or under a separate heading placed before the discussion, and

(c) for each assignment of error and issue for review which required an objection or proffer to preserve, a statement that the objection or proffer was made, with reference to the specific page numbers of the record; and

(10) a short conclusion stating the precise relief sought

Considering the requirements of the above rule, this court finds that Defendant's brief does not sufficiently assert any argument for this court to address.

Even considering Defendant's assertions as an argument, these assertions lack merit. Defendant contends that numerous motions were not ruled upon. Our review of the record indicates that the trial court responded to Defendant via letter regarding his motions for speedy trial and for preliminary hearing. The letter informed him that the motions were being forwarded to Defendant's counsel of record. The record does not indicate that the trial court ever ruled on these motions. However, Defendant failed to object to the trial court's failure to rule on these motions and proceeded to trial.

As the supreme court has held, "[Defendant] abandon[s] his pro-se pre-trial motions when he proceed[s] to trial without obtaining rulings on them…and therefore shows no error in the court's failure to issue such rulings." *State ex. Rel. Powell v. State*, 16-518, p.1 (La. 2/03/17), 209 So.3d 694, 694. Thus, Defendant's motions for speedy trial and preliminary examination were abandoned when he proceeded to trial without objecting.

7

Defendant also contends that the trial court failed to rule on his two pro se motions for bond reduction. Our review of the record indicates, however, that the trial court denied both motions by written order on March 22, 2016, and again on February 15, 2017.

Likewise, Defendant's contention that the trial court failed to rule on his motion for new trial is without merit. On May 22, 2017, the trial court held a hearing on the motion and denied the motion at the hearing.

Alternatively, Defendant states that the trial court erred in denying his motion for new trial. However, this statement is insufficient to prove that trial court abused its discretion. As this court has stated:

> In *State v. Adams*, 13-992, p.12 (La.App. 5 Cir. 5/21/14), 142 So.3d 265, *writ denied*, 14-1245 (La. 2/6/15), 158 So.3d 813, the fifth circuit noted:
>
>> Further, the ruling on a motion for a new trial is committed to the sound discretion of the trial judge and will not be disturbed on appeal absent a clear showing of abuse of that discretion. *State v. Bibbins*, 13-875 (La.App. 5 Cir. 4/9/14) [140 So.3d 153]; *State v. Gerard*, 96-366 (La.App. 5 Cir. 11/14/96), 685 So.2d 253, 260. The merits of a motion for a new trial must be viewed with extreme caution in the interest of preserving the finality of judgments. *Id.*; see also *State v. Rodriguez*, 02-334 (La.App. 5 Cir. 1/14/03), 839 So.2d 106, 133, *writ denied*, 03-0482 (La. 5/30/03), 845 So.2d 1061, *cert. denied*, 540 U.S. 972, 124 S.Ct. 444 (2003).

*State v. Drummer*, 17-790, pp. 19-20 (La.App. 3 Cir. 6/6/18), 245 So.3d 93, 106.

Defendant fails to assert any arguments as to why the trial court's denial of his motion for new trial was erroneous. For the foregoing reasons, this court finds that Defendant's pro se arguments are abandoned and/or meritless.

**DECREE**

Defendant's conviction and sentence are affirmed. The trial court is directed to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending

appropriate written notice to Defendant within ten days of the rendition of the opinion and to file written proof in the record that Defendant received the notice.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal. Rule 2-16.3.