PER CURIAM.
The defendant, Albert Pickett, appeals from a conviction of Armed Robbery, La. R.S. 14:64, for which he was sentenced to serve twenty (20) years in the State Penitentiary.
The defendant reserved and perfected four bills of exceptions which he asserts here on appeal. These four bills all relate to an amendment to the bill of information during the trial. The trial court permitted the State to amend the bill of information regarding the date on which the alleged crime took place.
■ The original information stated the crime took place on October 11, 1969. During the trial, it became evident the crime had been committed on a Thursday, and that Thursday was October .9, 1969. The defendant maintains the amendment should not have been allowed, as he had an alibi for October 11, 1969; therefore, the date became an essential element in charging the crime. He contends that the court should have declared a mistrial rather than permit an amendment to a defect of substance. La.C.Cr.P. art. 487.
We find all four bills lack merit. Time is not an essential element to the offense armed robbery. La.R.S. 14:64. The information was not insufficient for not stating the proper date, as the date is not essential to the offense. La.C.Cr.P. art. 468. Therefore, the trial court has the authority at any time to cause the information “to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.” La.C.Cr.P. art. 487.
Furthermore, the trial judge adverted to the surprise caused the defendant by the amendment, as the prepared defense was based upon an alibi for the date of October 11, 1969, for he offered to grant the defendant a continuance in order to prepare a defense to the amended date. The offer of a continuance was expressly waived by the defense. -
*242 Regarding the subsequent admission into evidence of testimony by previous witnesses who had stated the crime took place on October 11, 1969, changing their testimony to October 9, 1969, no error was ■committed. This was a matter of credibility of witnesses for the jury to decide. After allowing the amendment to the bill ■of information, the trial judge correctly admitted evidence with respect to the variance. La.C.Cr.P. art. 488. We find no abuse of the trial court’s discretion to permit additional evidence prior to argument. La.C.Cr.P. art. 765(5).
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., dissents.