357 So.2d 1136 (1978)
STATE of Louisiana
v.
Joseph Allen BENNETT.
No. 61067.
Supreme Court of Louisiana.
April 10, 1978.
Rehearing Denied May 19, 1978.
*1138 Kenneth E. Barnette, Seale, Smith & Phelps, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Marilyn C. Castle, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Joseph Allen Bennett and Carl R. Craig were charged in the same information with the crime of simple burglary in violation of La.R.S. 14:62. Bennett was separately tried by a jury and found guilty as charged. After his conviction but prior to sentencing, the district attorney filed an information accusing defendant of previous felony convictions under La.R.S. 15:529.1 (Habitual Offender Law). After hearing, the court found defendant to be an habitual offender and sentenced him to serve eleven years at hard labor with credit given toward service of his sentence for time spent in actual custody prior to imposition of sentence. On appeal, defendant relies on eight assignments of error for reversal of his conviction and sentence.[1]

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in limiting his cross-examination of Officer Gene Baker concerning the description of a building located directly behind the burglarized clothing store. He argues that the trial judge's ruling prevented him from impeaching the witness by showing that he had made a contradictory statement regarding the description of the building which was contained in a police report.
Officer Baker of the Baton Route City Police Department testified that on the evening of the alleged burglary, he and another officer responded to a silent alarm triggered at a Robert Hall clothing store. On direct examination, he stated that they approached the clothing store from the rear at which time they observed a man standing in the alleyway between the clothing store and an electrical wholesale building located directly behind the burglarized store which building at the time of the offense Baker believed was a warehouse. Upon seeing the officers, the individual fled with another male suspect following close behind. The two suspects, later identified as defendant and Craig, were subsequently arrested. On cross-examination, the witness was asked whether he had described the building located behind the burglarized store in his police report as an electrical wholesale building. Baker responded that, if he had described the building at all in his report, *1139 he described it as a warehouse. The witness had not reviewed his report since the preliminary hearing previously held. In an attempt to impeach the witness' credibility on this point, defense counsel requested that the witness review the police report in order to determine how he had identified the building therein. The state's objection to this request on the ground of relevancy was sustained by the trial judge.
If a witness does not distinctly admit making a statement contradictory to his testimony, evidence that he did make it is admissible. La.R.S. 15:493. It is not competent to impeach a witness as to collateral facts or irrelevant matter. La.R.S. 15:494. In the discipline of his court, the trial judge is vested with a sound discretion to stop prolonged, unnecessary and irrelevant examination of a witness, whether such examination be direct or cross. La.R.S. 15:275.
In the instant case, since the witness distinctly admitted and explained any possible contradiction between his report and his testimony at trial, evidence of the contradictory statement was not admissible. In any event, the officer's description of the building located behind the burglarized clothing store was clearly irrelevant to show the commission of the offense charged. Hence, defendant's attempt to impeach the witness as to this irrelevant fact was improper. Under the circumstances, the trial judge did not err in limiting defendant's cross-examination of the witness concerning the description of the building located behind the burglarized clothing store.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in permitting the state to call defendant's wife as a witness against him at trial when the state was aware that defendant would assert his privilege as to private conversations between them as husband and wife.
During trial, Penny Bennett, defendant's wife, was called to testify on behalf of the state. At the beginning of her testimony, defense counsel asserted defendant's privilege with respect to private conversations between the spouses and objected to the state's questioning of the witness on the ground that she was incompetent to testify as to those conversations. He further requested that the witness be instructed not to disclose in her testimony private conversations between the spouses. Thereupon, the trial judge instructed Mrs. Bennett that, although she could not be compelled to testify against her husband, she could testify against him if she so desired as to all nonprivileged matters which she had seen or observed. He further explained to the witness that she was not a competent witness against her husband as to private conversations between them. Mrs. Bennett then expressed her desire to testify against defendant. Over defense objection, direct examination of the witness by the state was resumed.
The law applicable to the competency of a husband and wife to testify against each other in a criminal trial is embodied in La.R.S. 15:461 which provides in pertinent part:
The competent witness in any criminal proceeding, in court or before a person having authority to receive evidence, shall be a person of proper understanding, but;
(1) Private conversations between husband and wife shall be privileged.
(2) Neither husband nor wife shall be compelled to be a witness on any trial upon an indictment, complaint or other criminal proceeding, against the other.
This statute, in effect, creates two distinct privileges. The first of these is the privilege which attaches to private conversations between husband and wife and which may be asserted by the defendant-spouse. Secondly, the statute establishes a privilege in favor of a spouse called to testify against the other spouse by providing that neither spouse shall be compelled to be a witness against the other in a criminal proceeding. The exercise of this privilege rests with the testifying spouse alone and may not be *1140 invoked by the defendant-spouse. The statute, however, does not prohibit a spouse from waiving this privilege and voluntarily taking the stand against the other spouse to testify to nonprivileged evidence. State v. Triplett, 313 So.2d 227 (La. 1975).
In the instant case, although defendant's wife possessed a privilege not to testify against her husband, she expressly waived this privilege and voluntarily took the stand against defendant on behalf of the state. By waiving her privilege, the witness became competent to testify against her husband at trial as to nonprivileged evidence. Defendant could not prevent his wife from so testifying by asserting his privilege as to private conversations between the spouses since that privilege could be urged only to prevent his wife from disclosing during the course of her testimony private conversations between them. Hence, because defendant's wife was competent to testify against him at trial, the state was properly permitted to call her as a witness against defendant.
Assignment of Error No. 3 lacks merit.

ASSIGNMENTS OF ERROR NOS. 4 AND 5
Defendant contends the trial judge erred in permitting defendant's wife to testify at trial in that her testimony was irrelevant. He argues that the sole purpose of the witness' testimony was to compel defendant to assert his privilege as to private conversations between husband and wife before the jury which necessarily implied to the jury that defendant was thereby concealing incriminating evidence.
On direct examination by the state, Mrs. Bennett emphatically denied that she was with defendant on the evening of the alleged burglary. She testified that she and defendant had separated approximately two weeks prior to the date of the commission of the offense and did not resume living together until two weeks thereafter. At the time of trial, defendant and his wife were once again separated. The witness further stated that defendant was well acquainted with Carl R. Craig, one of defendant's alleged co-perpetrators of the crime. Defendant's objection to the witness' testimony on the ground of relevancy was overruled by the trial judge.
This court has consistently held that the trial judge is vested with wide discretion in determining the relevancy of evidence, and his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. King, 355 So.2d 1305 (La.1978); State v. Russell, 352 So.2d 1289 (La.1977); State v. George, 346 So.2d 694 (La.1977); State v. Owens, 301 So.2d 591 (La.1974); State v. Ackal, 290 So.2d 882 (La.1974). In the instant case, the testimony of defendant's wife was presented by the state to refute a defense alibi anticipated by the state that defendant was with his wife when the burglary was committed and, therefore, could not have participated in the crime.[2] Furthermore, by the witness' testimony, the state connected defendant with Craig, an alleged co-participant in the crime who was arrested as he fled from the scene of the burglary. As such, the testimony of defendant's wife was relevant and admissible. We, therefore, reject defendant's contention that the state's sole purpose in presenting this testimony was to prejudice defendant by compelling him to assert his privilege as to private conversations between the spouses before the jury. Accordingly, the trial judge did not abuse his discretion in permitting the witness to testify.
Assignments of Error Nos. 4 and 5 are without merit.

ASSIGNMENTS OF ERROR NOS. 6 AND 7
Defendant contends the trial judge erred in denying his motion for a mistrial grounded on the claim that the state improperly *1141 commented in its closing argument on defendant's assertion of his privilege as to private conversations between husband and wife. He argues that the comment was prejudicial in that the jury necessarily inferred from the comment that, by exercising his privilege as to private interspousal conversations, defendant was concealing incriminating evidence from the jury.
During his closing argument to the jury, the prosecutor reviewed the evidence presented by the state at trial which established defendant's participation in the instant offense. Thereafter, he remarked to the jury:
You haven't seen any other evidence. You haven't seen any evidence, like Mr. Barnette [defense counsel] told you he was going to show you, of anybody coming up here and testifying, no, Joe Bennett was at my house that night, or no, I went to the show with Joe Bennett. The only thing I could do was call Penny Bennett, who got up here. She was told that she had a privilege against testifying against her husband, but she wanted to testify. Now, she was limited in the testimony she could give because a privilege was exercised by Mr. Barnette, but I attempted to let her tell everything that she knew to you. It was objected to by the defense. At least we know that he was not with her that night and that they had not been together for two weeks or so before, and that about two weeks afterwards, she went back to him at his request, and that he was very well acquainted with Carl Raymond Craig. Now, it would not have been necessary for an objection to have been made by Mr. Barnette, but an objection was made against this witness, Penny Bennett, telling you the jury what she knew from the defendant.
Immediately, defense counsel objected to the prosecutor's remark and moved for a mistrial. The trial judge denied the motion but admonished the jury that, as defendant's wife, Mrs. Bennett was not competent to testify against her husband as to private conversations between the spouses and the jury was not to speculate as to what her testimony might have been had defendant not asserted his privilege with respect to those conversations.
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during trial or in argument, refers directly or indirectly to the failure of the defendant to testify in his own defense. La.Code Crim.P. art. 770(3). However, in the instant case, the prosecutor's remark did not refer to defendant's failure to testify in his own defense but rather was directed toward defendant's assertion of his privilege with respect to private interspousal conversations. Accordingly, La.Code Crim.P. art. 770(3) is inapplicable; rather, La.Code Crim.P. art. 771 is the applicable provision and provides in pertinent part:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
. . . . .
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
At the outset, it should be noted that the privilege as to private conversations between husband and wife is not one of constitutional dimensions; rather, it is purely statutory. La.R.S. 15:461. As the record reflects, defendant's wife was not a significant witness. She was neither a participant in nor a witness to the crime. On the other hand, evidence presented by the state as to defendant's participation in the crime was substantial. Under these circumstances, *1142 we do not consider that any possible inference as to defendant's guilt or innocence raised in the minds of the jurors by the prosecutor's comment on defendant's assertion of this privilege added any critical weight to the prosecutor's case. See Namet v. United States, 373 U.S. 179, 83 S.Ct. 1151, 10 L.Ed.2d 278 (1963). Therefore, although the prosecutor's comment was improper, we do not find that it created such prejudice against defendant to warrant the granting of a mistrial. Furthermore, the immediate admonition by the trial judge to the jury that defendant had legitimately exercised his privilege as to private conversations between the spouses and the jury was not to speculate as to what defendant's wife would have testified to had defendant not exercised this privilege was sufficient to dispel any prejudice which might have been created by the prosecutor's comment and to assure defendant a fair trial. Accordingly, the trial judge did not err in denying defendant's motion for a mistrial.
Assignments of Error Nos. 6 and 7 lack merit.

ASSIGNMENT OF ERROR NO. 8
Defendant contends the trial judge erred in permitting an attorney who had represented defendant in connection with a prior felony charge to testify at the habitual offender hearing as to his representation of defendant. Defendant argues that this testimony was elicited in violation of the attorney-client privilege provided for in La. R.S. 15:475.[3]
After conviction but prior to sentencing, the district attorney filed an information accusing defendant of previous felony convictions under La.R.S. 15:529.1 (Habitual Offender Law). In order to prove that defendant had previously been convicted of simple burglary, the state called the attorney who had been appointed to represent him on the prior burglary charge. Defendant objected to this testimony claiming the attorney-client privilege. The objection was overruled by the trial judge. The attorney-witness identified defendant as the same person whom he had represented on the prior charge of simple burglary and who had pleaded guilty to it.
The identical contention asserted herein by defendant was previously addressed by this court in State v. Hayes, 324 So.2d 421 (La. 1975), in which we held that the attorney-client privilege does not extend to the fact that an attorney represented a given client which is a matter of public record. Hence, in the instant case, the trial judge properly permitted the attorney-witness to testify to the fact that he represented this same defendant in connection with a prior felony conviction.
Assignment of Error No. 8 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.
CALOGERO, J., dissents and assigns reasons.
DENNIS, J., dissents for the reasons assigned by CALOGERO, J.
CALOGERO, Justice, dissenting.
I dissent because I feel that the majority mistakenly finds no reversible error in the judge's denial of a mistrial motion made when the state improperly commented in closing argument on defendant's objection to allowing his wife to testify as to their *1143 private conversations. I believe that the prosecutor's remark carried the prejudicial inference that the defendant, by exercising his privilege as to private interspousal communications, was concealing from them incriminating evidence. I would find reversible error in defendant Bennett's assignments of error 6 and 7.
NOTES
[1] Defendant has neither briefed nor argued Assignment of Error No. 1. Therefore, we consider this assignment of error to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La. 1975).
[2] At the preliminary hearing, defendant's wife testified on behalf of the defense that she and defendant were together on the night of the crime. Defendant likewise testified to this alibi at the hearing. Thereafter, defendant's wife agreed to testify at trial against defendant on behalf of the state denying that she was with defendant when the offense was committed.
[3] La.R.S. 15:475 provides:

No legal adviser is permitted, whether during or after the termination of his employment as such, unless with his client's express consent, to disclose any communication made to him as such legal adviser by or on behalf of his client, or any advice given by him to his client, or any information that he may have gotten by reason of his being such legal adviser.