444 So.2d 1332 (1984)
STATE of Louisiana, Appellee,
v.
Michael WOODS, Appellant.
No. 15628-KA.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1984.
Rehearing Denied February 23, 1984.
*1333 Andrew S. Vallien, Natchitoches, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Catherine M. Estopinal and Richard Carney, Asst. Dist. Attys., Shreveport, for appellee.
Before: HALL, MARVIN and NORRIS, JJ.
HALL, Judge.
The defendant, Michael Woods, appeals from his conviction by a 12-member jury of the armed robbery of two gas station attendants in violation of LSA-R.S. 14:64 and his sentence of 15 years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence.
On appeal, the defendant asserts five assignments of error: (1) and (2) Two jurors *1334 should have been challenged for cause by the trial judge; (3) The evidence presented is insufficient to support the defendant's conviction because the defendant's identity as the robber was not proven beyond a reasonable doubt; (4) The defendant's application for a new trial based on newly-discovered evidence, the identity of the actual perpetrator, was erroneously denied; and (5) the trial court erred in failing to grant a continuance with respect to the hearing on the motion for a new trial.
Additionally, in supplemental briefs, defendant's appeal counsel, who was not defendant's trial counsel, asserts the excessiveness of the defendant's sentence and the ineffectiveness of trial counsel. Assignments of error directed at the excessiveness of the sentence and claim of ineffective counsel were not filed in the trial court in accordance with LSA-C.Cr.P. Art. 844. Consequently, these contentions cannot be addressed on appeal. LSA-C. Cr.P. Art. 920 and State v. Cox, 369 So.2d 118 (La.1979). Furthermore, an application for post-conviction relief is the proper vehicle by which to raise the claim of ineffective counsel. LSA-C.Cr.P. Art. 930.3 and State v. Daniels, 346 So.2d 672 (La.1977).
Facts
On July 28, 1981, a robbery occurred at the Hudson Oil service station located on 70th Street in Shreveport. Linda Sue Morgan, the 14-year-old daughter of the station manager, and Sheryl Fravel, a regular employee, were working at the combination gasoline outlet and convenience shop at the time. At approximately 4:00 p.m. on that date, Ms. Morgan assisted a black man with a beard, wearing a cap, in making a small purchase. About two hours later, at approximately 6:00 p.m., the man, armed with a revolver, returned to the station and robbed the women of all the cash on hand. Derrick Allen, a 12-year-old neighborhood boy, witnessed the robbery.
After defendant was identified as the robber by the witnesses from a police photographic lineup, the defendant was arrested on August 19, 1981, at a residence in the immediate vicinity of the station while visiting his girlfriend. Neither the money taken nor the gun used in the robbery was ever recovered.
Linda Morgan and Derrick Allen identified the defendant as the robber from a photographic lineup and in court. Sheryl Fravel moved to another state prior to trial and was not called as a witness. The defendant presented alibi testimony from his mother, his sister, and a lifelong friend to the effect that he was in Mansfield, his hometown and then current place of residence, on the date and at the time of the robbery.
Assignments of Error Nos. 1 and 2 Challenges to Jurors
The defendant asserts in these assignments of error that the trial court failed to challenge for cause two jurors, Miss O'Brien and Mr. Price. Defense counsel argues that it was the trial court's duty to challenge these jurors upon alleged indications that they were incapable of being fair and impartial. This argument is without merit.
Defense counsel, not the trial judge, had the duty of challenging for cause any member of the jury venire who displayed a ground for cause under LSA-C. Cr.P. Art. 797. Article 797 provides that the state or the defendant may challenge a juror for cause on the grounds listed in that article. There is no provision in the Code of Criminal Procedure requiring the judge to challenge a juror for cause. The judge may remove a juror who is incompetent to serve under Article 796. However, the record does not show, nor does the defendant contend, that these jurors were incompetent to serve.
In the instant case, the defendant's counsel at trial accepted both Miss O'Brien and Mr. Price when they were tendered as jurors. Pursuant to LSA-C.Cr.P. Art. 795, a juror cannot be challenged for cause by the state or the defendant after having been accepted by the challenging party, unless the ground for the challenge was not known by the challenging party prior to acceptance. This article further provides that a challenge for cause must be made before the indictment is read to the jury. *1335 Furthermore, LSA-C.Cr.P. Art. 841 requires contemporaneous objection in order to preserve the right of review of trial court error. Hence the defendant has no right to object to these jurors on appeal since he accepted them as jurors without objection at the trial court level.
Moreover, both of the named jurors, on voir dire examination, asserted their ability to accept and apply the law as stated in this case and to be fair and impartial in their duties as jurors.
These assignments of error have no merit.
Assignment of Error No. 3Sufficiency of Evidence
In his third assignment of error, the defendant contends the state failed to prove beyond a reasonable doubt his identity as the perpetrator of this offense. The defendant's argument emphasizes certain contradictions in the testimony given by the state's witnesses concerning the robber's attire and the day of the week on which the offense occurred, and alibi testimony concerning the defendant's whereabouts on July 28, 1981, offered by his mother, his sister, and a lifelong friend. Upon viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have concluded beyond a reasonable doubt that the defendant was indeed the perpetrator of this offense.
In spite of certain contradictions concerning the robber's clothing, the eyewitness testimony is in complete agreement as to the robber's physical appearance and the fact that he wore a baseball-type cap backwards on his head at the time of the robbery. Two of the state's witnesses, Linda Morgan and Derrick Allen, positively identified the defendant as the robber from a photographic lineup approximately one week after the robbery and at the time of their testimony at trial. The fact that the witnesses were not in agreement concerning and could not accurately recall the day of the week upon which the offense occurred when testifying at trial more than one year later is of no great significance. The date of an armed robbery is not an essential element of the offense. LSA-C. Cr.P. Art. 468; State v. Hayes, 324 So.2d 421 (La.1975), cert. denied 425 U.S. 962, 96 S.Ct. 1747, 48 L.Ed.2d 207; State v. Pickett, 261 La. 237, 259 So.2d 307 (1972). The testimony of these witnesses establishes that a robbery in fact occurred and that the defendant was the perpetrator. Furthermore, the testimony of the officers involved in the investigation of this offense establishes that the robbery occurred on Tuesday, July 28, 1981.
The defense's alibi witnesses were also contradictory in their testimony and the contradictions were of greater import than those previously noted in the testimony offered by the state's witnesses. The defendant's mother stated that the defendant left with his father for work early on the morning of July 28 and returned home at approximately 3:30 p.m. According to her, after showering, the defendant left again about 4:00 p.m. She further testified that she spoke to the defendant on the telephone at his grandmother's house in Mansfield at a little after 5:00 p.m. James Walter, a long-time friend of the defendant, testified that he met the defendant at about 11:30 a.m. on the morning of July 28 at a Mansfield area grocery. He testified they purchased some drinks and went to the defendant's sister's house to drink and visit with each other. He further testified that they remained at the sister's residence until approximately 4:30 or 5:00 p.m. at which time they left to go to Mary Jones's cafe in Mansfield to set up some stereo equipment in connection with the defendant's part-time occupation as a disc jockey. Walter further testified that the defendant dropped him off at Walter's residence at approximately 6:00 p.m. on July 28. The defendant's sister stated that the defendant and Walter came over to her house sometime after 4:00 p.m. on July 28 and remained there until approximately 5:30 to 5:45 p.m. at which time they left to go to Mary Jones's cafe. She testified that she was at her residence at the time they arrived and when they left. She further testified that the defendant received a telephone call from their mother on the evening *1336 of July 28 while he was at her residence and that he went next door to their grandmother's house where the phone was in order to speak to their mother.
The determination of the credibility of the witnesses and the resolution of conflicting testimony is a duty of the fact-finder and not of the appellate court on review. State v. Tompkins, 403 So.2d 644 (La. 1981); State v. Walker, 432 So.2d 1057 (La.App. 3d Cir.1983).
The jury obviously resolved the conflicting testimony and the issue of the credibility of the witnesses in favor of the state. The evidence presented, viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude that the defendant's identity as the robber was proven beyond a reasonable doubt. Consequently, this assignment of error is without merit.
Assignment of Error No. 4New Trial Motion
In his fourth assignment of error, the defendant objects to the trial court's ruling denying his application for a new trial based on newly-discovered evidence. The essence of defendant's contention is that he discovered the identity of the true perpetrator of the crime. At the hearing on the motion for a new trial, the defendant offered the testimony of Crosby Ware, a prisoner from the Caddo Detention Center, who testified that he heard Johnny Ray Williams, a/k/a "Chicken Man", on several occasions boast about robbing the Hudson Oil station on 70th Street and getting away with it. The witness further testified that the defendant and Johnny Ray Williams are so similar in appearance that he mistook the defendant for Williams whom he has known since childhood. It was stipulated that another individual named Dupree Williams, if called, would testify to the same effect as Crosby Ware. It was further stipulated that this information was revealed to Mr. Jack Bergman, the probation and parole officer conducting the presentence investigation report in this case, and that his reports reflected this information.
Review of a trial court's refusal to grant a new trial is limited to errors of law. LSA-C.Cr.P. Art. 858; State v. Robicheaux, 412 So.2d 1313 (La.1982). Where the motion for new trial is based on an allegation of newly-discovered evidence, the test of whether a new trial should be granted to the defendant is whether the new evidence is so material that it ought to produce a different result than the verdict reached. LSA-C.Cr.P. Art. 851; State v. Chapman, 410 So.2d 689 (La.1981); State v. Bagley, 378 So.2d 1356 (La.1979). Great weight must be attached to the exercise of the trial judge's discretion which should not be disturbed on review if reasonable men could differ as to the propriety of the trial judge's actions. State v. Robicheaux, supra; State v. Talbot, 408 So.2d 861 (La. 1980). The reviewing court should defer to the trial court's reasonable decision in a situation calling for discretion when resolving a new trial motion. State v. Robicheaux, supra.
The evidence presented to the trial judge was an unsubstantiated body of hearsay from sources of unknown or dubious credibility. He concluded, as do we, that the evidence presented was not sufficiently substantial to warrant a new trial. It cannot be reasonably concluded that the evidence presented at the hearing, even if considered admissible evidence and introduced at trial, would probably have changed the verdict rendered. Therefore, the trial judge committed no abuse of discretion in denying the defendant's motion for a new trial and this assignment of error is meritless.
Assignment of Error No. 5Failure to Grant Continuance of New Trial Hearing
Defense counsel moved for a continuance of the new trial hearing in order to subpoena additional witnesses. The state stipulated to the testimony of the absent witnesses, and defense counsel made no further objection to proceeding with the hearing. No prejudice is shown, and this assignment of error is without merit.
*1337 Decree
Defendant's assignments of error being without merit, his conviction and sentence are affirmed.
Affirmed.