524 So.2d 932 (1988)
STATE of Louisiana, Appellee,
v.
Wanda Whitman BONNETT and Herman Lee Bonnett, Appellants.
No. 19567-KA.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1988.
Rehearing Denied May 26, 1988.
*934 McKeithen, Thurman & McKeithen by Elizabeth Thurman & Anita McKeithen, Monroe, for appellants.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James A. Norris, Jr., Dist. Atty., Earl Cox, Asst. Dist. Atty., Monroe, for appellee.
Before MARVIN, JASPER E. JONES and SEXTON, JJ.
JASPER E. JONES, Judge.
Defendant Herman Bonnett appeals his convictions of carnal knowledge of a juvenile, LSA-R.S. 14:80,[1] and indecent behavior with a juvenile, LSA-R.S. 14:81,[2] and defendant Wanda Bonnett appeals her conviction of indecent behavior with a juvenile. The defendants' sentences were reviewed in a previous appeal, No. 18,538-KA, and affirmed by this court in an unpublished opinion handed down February 25, 1987, State v. Bonnett, 504 So.2d 184 (La.App. 2d Cir. 1987) (table). We now affirm the defendants' convictions.
Procedural History
The defendants were tried in a bench trial for one count each of carnal knowledge and indecent behavior with a juvenile. Herman was convicted of both offenses but Wanda was acquitted of carnal knowledge and convicted of indecent behavior. The defendants then appealed their sentences which were affirmed.
On May 12, 1987, both defendants filed petitions for post conviction relief. Those petitions were denied by the district court but on defendants' application for supervisory writs we ordered an evidentiary hearing on the issue of effectiveness of appellate counsel. See No. 19,339-KW.
Following that hearing, the district judge granted an out of time appeal on the issue of sufficiency of the evidence. Defendants again applied for writs, see No. 19,544-KW, which were granted and the district court order limiting the scope of this appeal was vacated. This appeal followed.
The defendants make four assignments of error. They contend:
1. They were convicted on insufficient evidence;
2. The trial court erred in accepting their waiver of trial by jury;

*935 3. They received ineffective assistance of counsel at trial; and
4. They should receive a new trial on grounds of newly discovered evidence.
Assignment # 1
Appellants contend the evidence against them is insufficient to support the guilty verdicts rendered by the trial judge.
The sufficiency of evidence, whether direct or circumstantial, is tested by whether the evidence, when viewed in the light most favorable to the prosecution, is sufficient to enable a rational trier of fact to find all of the elements of the crime proved beyond a reasonable doubt. State v. Willis, 446 So.2d 795 (La.App. 2d Cir. 1984); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The victim, a thirteen year old girl, was a friend of defendants who occasionally stayed overnight with them in their home. The victim was approached by Wanda Bonnett about having sex with her husband, Herman Bonnett. Later, Herman made advances to the victim while they were three wheeler riding. Subsequently, while the victim was spending the night with the Bonnetts, Herman came to her as she was sleeping, awakened her and had sexual intercourse with her as Wanda watched and masturbated. Herman then had sexual intercourse with Wanda while the victim watched. These sexual activities were repeated on six to eight subsequent occasions when the victim stayed overnight with the defendants. On one of these occasions the participants took photographs of their activities. The victim testified to all these facts at trial.
The state introduced sixteen photographs of nude or partially nude persons engaged in sex acts. With one exception, the incriminating photographs did not show heads or faces of the participants and therefore the individuals photographed were difficult to identify. The victim testified she was present when all the photos were taken. She identified herself as the subject of some of the photos and the Bonnetts as subjects of some others and she was unsure who was depicted in some of the photos.
One of the photos which depicted Herman and Wanda engaged in a sex act was recovered from the victim. The remaining photos were recovered from defendants during a search of their home.
The investigating officer testified as to the ages of the defendants. The victim's age and that she was unmarried were shown by testimony from the victim, her mother and by records from a family planning clinic which were offered by the defense.
The defendants denied any sexual activity with the victim. They testified that all of the photos were taken by them, some by the use of a mechanical device. Wanda admitted taking one nude photo of the victim but she denied Herman was present and testified that it was taken so that the victim could give it to her boyfriend. This photo was seized from defendants' home. Wanda contended the photo recovered from the victim had been removed from their home without permission.
The defendants also contended the victim was sexually active with an uncle and that she accused them to protect him when her mother discovered evidence of her sexual activity. In this respect defendants rely heavily on a letter written by the victim which alludes to sex with others as well as Herman and which says she might be in love with her uncle.
At trial the defendants demonstrated the operation of the mechanical device they say was used to take several of the photos. However, their testimony concerning this device was contrary to their statements to officers who executed the search warrant who were told they took the photos by operating the camera with their hands or feet.
The defendants also attempted to contradict the victim's testimony as to when the photos were taken by showing that Wanda was pregnant in one of the photos. Wanda had not been pregnant during the time frame that the victim testified the crimes charged occurred. The defense presented testimony by Dr. Michael Caire that he *936 would "bet" the woman depicted in one of the photos was pregnant. However, on cross-examination Dr. Caire admitted that he could not say for certain that the subject of the photo was pregnant and that some of the indicators he relied on in reaching his conclusion that the subject was probably pregnant could be distorted by sexual excitement and the subject's weight.
Concerning Herman's conviction for carnal knowledge of a juvenile, the evidence shows that Herman was 25 or 26 years old and the victim was a thirteen year old unmarried female. The difference in these ages is more than two years. The testimony of the victim establishes that there was consensual sexual intercourse between them.
In regards to the convictions of both defendants for indecent behavior with a juvenile the evidence showed Herman's age as mentioned above and that Wanda was 24 or 25 years old. The victim's age and the age difference was also clearly proved. The testimony of the victim shows that the defendants performed various sexual acts in her presence for the purpose of their sexual gratification.
The trial judge's remarks show he carefully considered the evidence and the credibility of the witnesses before finding the defendants guilty. Questions of credibility and resolution of conflicting testimony are within the sound discretion of the trier of fact. State v. Klar, 400 So.2d 610 (La.1981); State v. Woods, 444 So.2d 1332 (La.App. 2d Cir. 1984).
The trial judge's findings as to credibility are sound. The evidence in this record, when viewed in the light most favorable to the prosecution, fully supports these convictions. A rational trier of fact could find each element of each offense proven beyond a reasonable doubt.
This assignment of error is without merit.
Assignment # 2
Appellants contend the trial judge erred in accepting their decision to waive trial by jury. They argue their decision was not knowing and intelligent because their trial counsel did not advise them of the consequences of the waiver.
Defendants' trial counsel filed a written motion to waive trial by jury. Appellants were present in court when this was done and the district judge discussed the matter with them on the record. Following this colloquy the appellants still indicated they desired to waive trial by jury and the waiver was accepted.
Appellants argue in brief that even though they engaged in this colloquy with the district judge their waiver was not knowing and intelligent because they responded to the court's questions as previously instructed by their trial counsel. This allegation cannot be evaluated on this record.
The record before us indicates that the waiver of trial by jury was knowingly and intelligently made. Therefore, on this record, this assignment of error is without merit. However, appellants may raise this issue on an application for post conviction relief based upon ineffective assistance of counsel.
Assignment # 3
Through this assignment appellants contend that they were deprived of a fair trial due to ineffective assistance of counsel. Such claims are properly raised in an application for post conviction relief, State v. Woods, supra; however, they may be considered on direct appeal where the record contains the evidence necessary to evaluate the claim. State v. Cupit, 508 So.2d 996 (La.App. 2d Cir.1987), writ den., 514 So.2d 1174 (La.1987).
Appellants allege numerous deficiencies in the performance of their trial counsel. Almost all of these claims rest upon evidence not in this record.[3] The *937 appellants should present these claims to the trial court through an application for post conviction relief.
Assignment # 4
Appellants contend they should be granted a new trial upon grounds of newly discovered evidence. The alleged evidence is that the victim's uncle has been charged with indecent behavior with a juvenile who is the victim of the crimes being reviewed on these appeals. Appellants argue this evidence would impeach the victim who testified that she was sexually active with no one other than Herman Bonnett.
This issue is properly raised by a motion for new trial. LSA-C.Cr.P. art. 851. Such a motion must be filed within one year of the verdict of the trial court. LSA-C.Cr.P. art. 853; State v. Bolton, 408 So.2d 250 (La. 1981).
In order for a motion for new trial based upon new evidence to be meritorious the evidence must not only be newly discovered but of such a nature that it would probably have changed the guilty verdict. State v. Krempel, 471 So.2d 841 (La.App. 2d Cir. 1985).
Our review of the record shows that no motion for new trial was filed by defendants, therefore, this assignment is without merit. LSA-C.Cr.P. art. 853; State v. Bolton, supra. We also note that the alleged new evidence is not of such a nature that it would probably have changed the verdict.
Appellants' trial counsel thoroughly cross-examined the victim concerning her relationship with other men, particularly her uncle, through use of the letter she had written alluding to sex with other men and her possible relationship with her uncle. The trial judge's remarks show he rejected the victim's testimony that she was having sex only with Herman Bonnett and for that reason found Wanda not guilty of carnal knowledge of a juvenile.[4]
The new evidence is merely cumulative on an issue upon which the victim's testimony had been successfully impeached. As such, it is not evidence which would have probably changed the verdict.
The appellants' convictions are affirmed.

ON APPLICATION FOR REHEARING
Before HALL, MARVIN, JASPER E. JONES, FRED W. JONES and SEXTON, JJ.
Rehearing denied.
NOTES
[1] § 80. Carnal knowledge of a juvenile

Carnal knowledge of a juvenile is committed when:
(1) A male over the age of seventeen has sexual intercourse, with consent, with any unmarried female of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons; or
(2) A person over the age of seventeen has anal or oral sexual intercourse, with consent, with a person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons.
Lack of knowledge of the juvenile's age shall not be a defense. Emission is not necessary; and penetration, however slight, is sufficient to complete the crime.
Whoever commits the crime of carnal knowledge of a juvenile shall be imprisoned, with or without hard labor, for not more than ten years.
[2] § 81. Indecent behavior with juveniles

A. Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense.
B. The trial judge shall have the authority to issue any necessary orders to protect the safety of the child during the pendency of the criminal action and beyond its conclusion.
C. Whoever commits the crime of indecent behavior with juveniles shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than five years, or both.
[3] The appellants claim that their trial counsel was deficient in arranging an adequate demonstration of the mechanical device they allege was used to take many of the photos. We note that the record shows that the aparatus was carefully demonstrated in the courtroom and that several photos were taken in court using the device and the camera. We further note that photos of the device set up in the defendants' home were also introduced into evidence.

We observe that, on this record, it appears that trial counsel made a careful and diligent effort to illustrate this portion of his clients' defense.
[4] The state sought to convict Wanda on this charge on the theory that she was a principal in Herman's crime against the juvenile by procuring contraceptives for the juvenile.