BROWN, J.
At the conclusion of a bench trial, defendant, Gerald Allen,[1] was found guilty of theft of more than $500 in violation of La. R.S. 14:67. He was sentenced as a second felony offender to 12 years at hard labor. Motions for a. new trial and to reconsider sentence were denied. Defendant appeals his conviction and sentence alleging.that the evidence was insufficient to convict and that his sentence was excessive. We affirm.

DISCUSSION

SUFFICIENCY OF EVIDENCE

Defendant alleges that the evidence was insufficient to prove beyond a reasonable doubt that he committed the crime. In brief, defendant does not dispute that $9,000 in cash was stolen from Otto’s, a convenience store selling food and gas, but argues that the evidence was insufficient to show that he was the person who committed the theft. He argues that it was as reasonable to believe that the clerk and store manager stole the *1205 cash while setting up defendant to take the blame.

Standard of review

The Fifth Amendment to the U.S. Constitution provides that no person shall be “deprived of life, liberty, or property without due process of law.” The Fourteenth Amendment imposes the same due process requirement on the states. Implicit in the due process clause is the protection of an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Goodjoint, 30,727 (La.App.2d Cir.06/24/98), 716 So.2d 139. Thus, an accused is entitled to an appellate review of the evidence to the extent that it supports a finding of guilt beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Bosley, 29,253 (La.App.2d Cir. 04/02/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Goodjoint, supra; State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
This standard, initially enumerated in Jackson and now legislatively embodied in La.C.Cr.P. art. 821, is applicable in eases involving both direct and circumstantial evidence. State v. Cotton, 25,940 (La.App.2d Cir.03/30/94), 634 So.2d 937. Ultimately, under Jackson all evidence, both direct and circumstantial, must be sufficient to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Id.

THE EVIDENCE

The state’s evidence consisted of the testimony of Zebbie Jackson, the store clerk; Beverly Clarkson, the store manager; Officer Rod Johnson, the policeman first responding to the call; and, Sergeant Jacquelyn Willis, the investigating officer.
On April 15, 1996, Ms. Jackson was working her first graveyard shift at Otto’s in Shreveport, Louisiana. At some point between 2:00 and 3:00, a.m., defendant, Gerald Allen, approached the window at Otto’s and asked Ms. Jackson to be let in to use the bathroom. The store locks its doors at 11:00 p.m. and serves ^customers only through the window after that time. Ms. Jackson, who had only been working at the store for a few days, recognized defendant as a former employee of the store, having seen him when he came to pick up his last paycheck. Ms. Jackson let defendant into the store. Defendant went directly into the men’s room and locked the door.
After several minutes, Ms. Jackson heard noise from the bathroom and knocked on the door but got no response. Alarmed by the situation, she called 911 but hung up when defendant replied he was coming out. Ms. Jackson testified that the reply seemed to come from overhead. Defendant, however, did not emerge from the restroom and Ms. Jackson’s attention was shifted when a female approached the window and tried to sell her some items. Ms. Jackson believed that the woman was trying to divert her attention from the bathroom and declined to purchase anything.
Ms. Jackson called 911 a second time and had an open line when defendant emerged from the men’s room and stated that the ceiling had fallen on his head. He was covered in dust and Ms. Jackson noticed that he now had two bulges in the front and back of his clothes and was walking “bent over.” Ms. Jackson let defendant out of the store and informed the 911 operator that she thought the store had been robbed. She thén called the store manager, Beverly Clarkson, and reported the incident.
Shreveport Police Officer Rod Johnson responded to the 911 call just after defendant left the scene. Officer Johnson examined the men’s room and discovered that ceiling tiles had fallen and found evidence that someone had used the sink and the toilet to climb in and/or out of the ceiling. Officer Johnson then (/‘picked” the lock to the office and *1206 found that ceiling tiles there had also fallen and that the office had been ransacked.
Ms. Clarkson, the store manager, discovered that deposit bags left in the desk in the office containing approximately $9,000 in cash and food stamps were missing.
On May 14, 1996, Ms. Jackson picked defendant out of a photo line-up. On May 17, 1996, pursuant to a warrant, defendant was arrested for felony theft. Thereafter, he stated to Sergeant Jacquelyn Willis that he had gone to Otto’s on the night in question to buy a sandwich for his girlfriend and the clerk had asked him to stock the cooler, which he did. He claimed that he then went into the men’s room and found ceiling tiles on the floor and a large wad of money, which he took. Defendant stated that he left the store, telling the clerk that she was trying to “set him up.” When defendant was asked the name of his girlfriend, he got angry and refused to answer any more questions.
Defendant argues that because of conflicting testimony, it was equally plausible that Ms. Jackson and Ms. Clarkson conspired to take the money and “set him up.” Defendant bases this argument on the following factors: 1) the apparent concealment of the fact that the clerk and manager were sisters; [2] 2) that a large amount of cash was left in a desk drawer rather than a safe in the office; 3) defendant’s statement that he was set up; 4) conflicts about what time the incident was supposed to have occurred and how long the defendant was in the bathroom; and, 5) Ms. Jackson’s conflicting statements concerning the color of defendant’s shorts.
^Defendant’s theory that others committed the crime was competently argued by defense counsel during trial and the evidence in support thereof was properly considered by the trial judge. The theory was discounted as unreasonable as evidenced by the guilty verdict.
It is the function of the trier of fact to assess credibility and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (La.1993); State v. Bonnett, 524 So.2d 932 (La.App. 2d Cir.1988), writ denied, 532 So.2d 148 (La.1988). The trier of fact senses firsthand the testimony and unless the fact finder’s assessment of believability is without any rational basis it should not be disturbed by a reviewing court. State v. Mussall, 523 So.2d 1305 (La.1988); State v. Combs, 600 So.2d 751 (La.App. 2d Cir.1992), writ denied, 604 So.2d 973 (La.1992).
The trial judge’s assessment of credibility was rationally based and cannot be disturbed by this appellate court. This assignment of error lacks merit.

EXCESSIVE SENTENCE

Defendant also asserts that his 12 year sentence is excessive. Theft of $500 or more is punishable by not more than ten years, with or without hard labor and/or a fine of not more than $3,000 may be imposed. La. R.S. 14:67(B)(1). However, defendant was adjudicated a second felony offender. The Habitual Offender statute mandates that a second felony offender serve not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction. La. R.S. 15:529.1(A)(2)(a). Thus, defendant was eligible to receive a sentence between 5 to 20 years.
A sentence violates La. Const, art. 1, § 20 if it is considered grossly disproportionate to the seriousness of the offense or nothing more than a ^purposeless and needless infliction of pain and suffering. State v. Barnes, 28,835 (La.App.2d Cir.12/11/96), 685 So.2d 1148, writ denied, 97-0274 (La.10/10/97), 703 So.2d 602. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. The court of appeal will not set aside a sentence as excessive absent a showing of manifest abuse of discretion. Id.
Following defendant’s conviction, the trial court ordered a pre-sentence investigation which included information as to defendant’s personal, employment and educational history. Defendant had a high school degree but a poor employment record. The trial judge *1207 considered defendant’s plea for mercy,[3] his age of 33 years, the non-violent nature of the crime and that defendant had given his life to God. The judge further noted defendant’s past criminal history, the amount of money that was stolen, defendant’s prior drug use and addiction, his lack of vocational skills and the improbability that defendant could make restitution. The record reflects the trial court’s compliance with La.C.Cr.P. art. 894.1’s criteria. We further do not find the sentence to be shocking to one’s sense of justice or a needless imposition of pain and suffering. Under these circumstances, we cannot say that the sentence was an abuse of the great discretion afforded the trial court.

ERROR PATENT

At sentencing, the trial court informed defendant that he had three years to seek post-conviction relief under 930.8 of the Code of Criminal Procedure. The ^correct prescriptive period for seeking post-conviction relief established in La.C.Cr.P. art. 930.8 is “three years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922.” The trial court is directed to inform defendant of the provisions of Article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof of his receipt of such notice in the record of these proceedings.

CONCLUSION

Defendant’s conviction and sentence are AFFIRMED.

. Defendant, also known as “Willie Stills” or "Jobbo Allen,” waived his right to a jury trial.

. Sgt. Willis stated that they were sisters; however, neither was asked if the two were related.

. During sentencing, defendant pleaded with the trial court to take mercy on him. The trial judge asked him where the $9,000 was and he impliedly admitted the crime when he stated that the amount was “eight thousand something dollars and it's gone. Some guys knew about the situation and they took some of the money also and spent it."